**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHERELLE WILLIAMS<br>2030 Store Road<br>Harleysville, PA 19438<br><br>Plaintiff,<br>v.<br><br>BOYD GAMING CORPORATION d/b/a<br>VALLEY FORGE CASINO RESORT<br>6465 S. Rainbow Blvd.<br>Las Vegas, NV 89118<br><br>Defendant. | : | CIVIL ACTION<br><br><br><br>CASE NO.: |

**CIVIL ACTION COMPLAINT**

Cherelle Williams ("Ms. Williams" or "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1. This action has been initiated by Ms. Williams against Boyd Gaming Corporation d/b/a Valley Forge Casino Resort ("Defendant") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. §§ 2000e et seq.) and the Pennsylvania Human Relations Act ("PHRA").[1]

2. Ms. Williams asserts, *inter alia*, that Defendant terminated her employment under demonstrably pretextual circumstances a mere eight (8) days after she made documented complaints of discrimination. Defendant's proffered reasoning was that Ms. Williams was suddenly not a "good cultural fit."

[1] Plaintiff intends to amend her instant lawsuit to include claims under the PHRA on or about November 12, 2026, once her administrative remedies are fully exhausted with the appropriate administrative agency. Plaintiff dual-filed her Charge of Discrimination on November 12, 2025. Any claims under the PHRA would mirror the Title VII claims asserted herein.

3. As a direct consequence of Defendant's unlawful actions, Ms. Williams seeks damages as set forth herein.

**JURISDICTION AND VENUE**

4. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for violations of federal law(s). There lies supplemental jurisdiction over Plaintiff's future state-law claims, as they arise out of the same common nucleus of operative fact(s) as Plaintiff's federal claims asserted herein.

5. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

6. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

7. On or about November 12, 2025, Ms. Williams dual-filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and Pennsylvania Human Relations Commission ("PHRC").

8. Ms. Williams has properly exhausted her administrative proceedings before initiating this action by timely filing her Charge with the EEOC, and by filing the instant lawsuit within ninety (90) days of receiving a right-to-sue letter from the EEOC.

## PARTIES

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Plaintiff is an adult individual, with an address as set forth in the caption.

11. Defendant is a Nevada business corporation with a principal place of business as set forth in the caption.

12. Defendant routinely exceeds $3 billion in annual revenue, employs in excess of 15,000 employees, and owns and operates in excess of twenty (20) casinos across the United States, including Valley Forge Casino Resort located at 1160 1st Ave., King of Prussia, PA 19406 at which it employed Ms. Williams.

13. At all times relevant herein, Defendant acted by and through its agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

14. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

15. On or about July 25, 2025, Defendant hired Ms. Williams as the Food and Beverage/Fine Dining Supervisor and employed her in that capacity until it unlawfully terminated her on or about August 22, 2025, as discussed herein.

16. Throughout her very brief employment, Ms. Williams was a dedicated and hard-working employee with no history of discipline or performance concerns.

17. The first few weeks of Ms. Williams' employment were relatively uneventful and she performed her job well.

18. On or about August 14, 2025, Ms. Williams raised initial concerns that Defendant's Executive Chef Constantine Skutaru ("Skutaru") was treating female employees in a discriminatory and disparate manner.

19. By way of background, Skutaru refused to shake hands with Ms. Williams (and other female employees) and refused to recognize Ms. Williams (and other female employees) while simultaneously recognizing the male employees and shaking their hands.

20. This was not a simple refusal to shake one person's hand – it was an outward and explicit recognition of the male employees and an intentional slight of the female employees.

21. Ms. Williams attempted to discuss this directly with Skutaru who remained steadfast, refused to acknowledge Ms. Williams (or her female co-workers), and blamed "his culture" for his behavior.

22. Later that same day, on or about August 14, 2025, Ms. Williams formally complained about gender-based discrimination to Defendant's Senior Food and Beverage Manager Tai Young ("Young") via email.

23. Specifically, Ms. Williams stated in pertinent part:

> This conduct risks undermining our workplace culture, which is built on mutual respect, inclusivity, and equal treatment for all employees regardless of gender. It also has the potential to affect team morale and cohesion, particularly in a hospitality environment where professionalism and guest-facing behavior are critical. I believe it is important that such matters be addressed constructively and in accordance with the company's code of conduct and diversity and inclusion policies. I trust that Human Resources will review this concern with the appropriate sensitivity and take any necessary steps to ensure that all employees feel respected and valued in the workplace. I am available to discuss this matter further if needed and will support any steps taken to promote a respectful and inclusive environment for everyone.

24. Just days later, on or about August 21, 2025, Ms. Williams received a directive from Defendant's management to attend a "mandatory" leadership class on or about August 22, 2025.

25. Ms. Williams arrived early, attended the leadership class and then began working her shift.

26. On August 22, 2025, at approximately 2:30 pm, Ms. Williams met with Defendant's Human Resources to discuss her aforementioned complaint of gender discrimination and was told that Skutaru had "apologized," that he was going to receive some "retraining," and that everyone should just "move on."

27. During this meeting, Ms. Williams also raised separate concerns with Defendant's Human Resources that Muslim guests were being served pork (without their knowledge) contrary to their religious practices.

28. Ms. Williams returned to work, but at approximately 9:15 p.m., was informed by Defendant's Vice President of Human Resources Donna Hogan ("Hogan") that her employment was suddenly being terminated.

29. Ms. Williams was understandably shocked and confused by this sudden termination as she had shown tremendous dedication and competence in her role.

30. Ms. Williams even emailed Hogan and Defendant's Vice President of Food and Beverage Odran Campbell ("Campbell") inquiring whether her termination was a mistake.

31. On or about August 28, 2025, Defendant's General Manager Martha Morales ("Morales") and HR Representative Lori (Last Name Unknown) called Ms. Williams and explained that she had been terminated because Defendant wanted a "certain culture" and that she was "not a good cultural fit."

32. Morales went on to confirm that Ms. Williams' termination had nothing to do with her performance.

**COUNT I**
**Violations of Title VII**
**[1] Sex/Gender Discrimination; and [2] Retaliation**

33. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34. Plaintiff was subjected to discrimination because of her sex/gender (discussed supra) in violation of Title VII.

35. Plaintiff specifically opposed, rejected, and complained of sex/gender discrimination.

36. Plaintiff's complaints of sex/gender discrimination were dismissed, and only eight (8) days after Plaintiff first raised complaint—and mere hours after discussing it with Human Resources—Defendant terminated Plaintiff's employment under pretextual circumstances.

37. Plaintiff believes and therefore avers that her sex/gender was a motivating and/or determinative factor in Defendant's decision to terminate her employment.

38. Plaintiff believes and therefore avers that Defendant terminated her employment because she opposed and complained about discrimination based upon her sex/gender.

39. The aforesaid actions violate Title VII.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's

illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law(s) asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law; and

F. Plaintiff demands trial by jury on all issues so triable consistent with Fed. R. Civ. P. 38(a).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: ______________________

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: September 30, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Cherelle Williams : CIVIL ACTION
v. :
Boyd Gaming Corporation d/b/a Valley Forge Casino Resort : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x )

| 9/30/2026 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Defendants place of business

***RELATED CASE IF ANY:*** Case Number:______________________ Judge:________________________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:______________________

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):________________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_______________ ______________________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

WILLIAMS, CHERELLE

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS

BOYD GAMING CORPORATION D/B/A VALLEY FORGE CASINO RESORT

County of Residence of First Listed Defendant: Clark
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [X] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - mployment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
Title VII (42USC2000)

Brief description of cause:
Violations of Title VII and the PHRA.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE ______ DOCKET NUMBER ______

DATE: 9/30/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______